United States District Court
District of Massachusetts

| | |
|---|---|
| NAVITAG TECHNOLOGIES, INC., C. JAMES GALLEY, III and ROBERT M. MAGOWN, <br>            Plaintiffs, <br><br>     v. <br><br> R. SCOTT SILVA, <br>            Defendant. | Civil Action No. <br> 08-11451-NMG |

MEMORANDUM & ORDER

GORTON, J.

Plaintiffs Navitag Technologies, Inc., ("Navitag"), C. James Galley, III ("Galley") and Robert M. Magown ("Magown") filed a four-count complaint against pro se defendant R. Scott Silva ("Silva") requesting declaratory, injunctive and compensatory relief. Before the Court are plaintiffs' objections to Magistrate Judge Bowler's Report and Recommendation ("R&R") to deny their motion for entry of partial final judgement and plaintiffs' motion for an order to show cause.

I.   Factual Background

The factual background of this case is set out in more detail in the March 8, 2010 R&R. Broadly, this dispute concerns 1) the rightful ownership of a closely held company (Navitag), 2) the validity of certain actions taken at a December, 2007 shareholder meeting purporting to authorize the issuance of

stock, to elect new directors and to oust Silva from office, 3) the resulting apportionment of company shares and 4) $110,000 which plaintiffs allege Silva misappropriated from the company.

In particular, Count I seeks declaratory relief validating actions taken at the December, 2007 meeting and the resulting stock ownership scheme. In Count II, plaintiffs seek injunctive relief 1) directing Silva to turn over all company books, records and property and to render a proper accounting of company expenses through 2007 and 2) enjoining Silva from taking any further action on behalf of the company. In Count IV, Magown similarly seeks an injunction requiring Silva to provide all financial information pertaining to the company. In addition to those claims for equitable relief, Count III seeks damages for Silva's alleged conversion of $110,000 of company proceeds received from two South American entities allegedly as a result of Silva's misrepresentations with respect to a technical device.

## II. Procedural History

Plaintiffs filed their complaint in August, 2008 and defendant answered and counterclaimed four months later. The counterclaim was dismissed in March, 2009 on plaintiffs' unopposed motion. In June, 2009, the plaintiffs moved for default judgment based upon the defendant's failure to appear at an April, 2009 scheduling conference and his lack of compliance with a court order requiring production of documents. The Court

entered the default judgment as proposed on July 28, 2009.

That judgment is divided into several subsections. First, it addresses Counts I, II and IV and orders the requested declaratory and injunctive relief with respect thereto. Second, the judgment refers Count III to the magistrate judge for a determination of damages. In their supporting memorandum, plaintiffs indicate that they did not seek a specific amount owed but instead sought a later determination of the amount misappropriated by the defendant. Plaintiffs' motion for default judgment, therefore, sought to establish liability on all Counts but not damages.

After entry of default judgment, the defendant failed to appear for a September, 2009 status conference whereupon plaintiffs filed a motion for entry of a partial final judgment under Fed. R. Civ. P. 54(b) on the issues decided by "the default other than the amount of damages and costs, if any, to be assessed against the defendant". Shortly thereafter, plaintiffs filed a motion for an order to show cause why the defendant should not be held in contempt for his failure to comply with this Court's orders. Both motions were referred to Magistrate Judge Bowler. In March, 2010, she issued an R&R recommending the denial of plaintiffs' motion for entry of a partial final judgment and plaintiffs have objected to that R&R. At the same time, Magistrate Judge Bowler retained the motion to show cause

under advisement.

III. **Analysis**

   A.   **Motion for entry of partial final judgment**

   Fed. R. Civ. P. 54(b) permits the entry of judgment on fewer than all claims in a multi-claim action. Spiegal v. Trustees of Tufts College, 843 F.2d 38, 42-43 (1st Cir. 1988). Certification under that Rule requires a determination that 1) the judgment has the requisite aspects of finality and 2) there is no just reason for delay. Id.

   With respect to the first prong, the Supreme Court has held that a final judgment

> must be a judgment in the sense that it is a decision upon a cognizable claim for relief, and it must be final in the sense that it is an ultimate disposition of an individual claim entered in the course of a multiple claims action.

Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 8 (1980) (quotation marks omitted).

   If the judgment is final, the court then considers whether there is no just reason for delay. That inquiry typically includes two steps. First, the court examines the interrelationship between the legal and factual basis of the claims for which final judgment is being sought and the claims remaining in the case. Maldonado-Dennis v. Castillo-Rodriguez, 23 F.3d 576, 580 (1st Cir. 1994). Then, the analysis requires

> an assessment of the litigation as a whole, and a weighing of all factors relevant to the desirability of

> relaxing the usual prohibition against piecemeal appellate review in the particular circumstance.

Spiegal, 843 F.2d at 42. See also Maldonado-Dennis, 23 F.3d at 580. A district court must "take into account judicial administrative interests as well as the equities involved". Curtiss-Wright, 446 U.S. at 8.

Here, Magistrate Judge Bowler recommended denial of plaintiff's motion for partial final judgment. In essence, she construed plaintiffs' motion as seeking

> a final judgment that encompasses liability on all counts while leaving open the determination of damages and costs on the conversion claim.

Because the amount of damages remained undetermined, Magistrate Judge Bowler found that the claim lacked the requisite finality and did not reach the question of whether there was just reason for delay.

Plaintiffs have objected to that ruling and have submitted a new proposed order addressing Magistrate Judge Bowler's concern. In particular, plaintiffs seek to clarify that they request a final judgment only with respect to Counts I, II and IV. Plaintiffs contend, moreover, that the law does not require resolution of all claims in a judgment before a partial final judgment is appropriate under Rule 54(b).

The Court will sustain plaintiffs' objection because, as their revised, proposed order makes explicit, they seek a final judgment as to Counts I, II and IV only. Default judgment on

those counts has been entered and that decision "end[ed] the litigation on the merits and [left] nothing more for the court to do but execute the judgment [on those claims]". Lee-Barnes v. Puerto Ven Quarry Corp., 513 F.3d 20, 24 (1st Cir. 2008). Thus, the judgment records the requisite finality.

In light of the sustaining of plaintiffs' objection, the Court must then determine whether there is no just reason for delay. First, plaintiffs argue, the factual and legal issues regarding Counts I, II and IV are separate and distinct from Count III. On that point, they are correct. The Counts seek different forms of relief, are based upon different issues of law and are premised on different sets of facts. Indeed, the R&R recognizes that Counts I, II and IV are "separate and distinct claims from the conversion claim in Count III regarding the misappropriation of company funds".

With respect to the remaining factors and an assessment of the equities, plaintiffs proffer several reasons to support their position: 1) obtaining a final judgment on Counts I, II and IV will allow them to obtain the evidence that they need to prove the costs and damages owed to them under the outstanding conversion claim, 2) until matters pertaining to ownership of shares and validity of shareholder actions are finalized, the company will have difficulty operating and 3) defendant will suffer no prejudice.

The plaintiffs' arguments are sound. First, their contention that the business will suffer harm without a final judgment is persuasive and defendant's lack of compliance with court orders has caused this case to move at a slow pace through no fault of the plaintiffs. Also, although plaintiffs' argument that a ruling in their favor will allow them to obtain proof of the conversion claim is at odds with their assertion that Count III is an independent claim, the Court recognizes the utility of a partial final judgment in this case.

Accordingly, the Court will allow the motion for entry of a partial final judgment.

### B.  Motion for order to show cause

Because the Court concludes that the sustaining of plaintiffs' objection to the R&R and entry of a partial final judgment, in essence, accomplishes for plaintiffs what they seek in their motion for an order to show cause why Silva should not be held in contempt (namely, the procurement of documents allegedly held by Silva), the reference of that motion to the magistrate judge will be withdrawn and it will be denied without prejudice in the event it later proves necessary.

**ORDER**

In accordance with the foregoing,

1) plaintiffs' objections (Docket No. 27) to the R&R (Docket No. 26) on their motion for entry of partial final judgment are **SUSTAINED** and their motion for entry of final judgment (Docket No. 23) is **ALLOWED** in accordance with the proposed order to be entered; and

2) plaintiffs' motion for order to show cause (Docket No. 24) is **DENIED** without prejudice.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated August 10, 2010